UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Kaniyn Parker

     v.                              Civil No. 17-cv-484-LM
                                     Opinion No. 2019 DNH 148
Robert Hazelwood,
FCI Berlin Warden


                           **O R D E R**

   Petitioner Kaniyn Parker, who is currently incarcerated at the Federal Correctional Institution in Petersburg, Virginia, brought this petition for a writ of habeas corpus while incarcerated at the Federal Correctional Institution in Berlin, New Hampshire.  See 28 U.S.C. § 2241.  His petition challenges the sentencing court's application of the career offender sentencing enhancement to him under the United States Sentencing Guidelines ("Guidelines").  Parker argues that the sentencing court improperly counted his three prior state drug convictions as predicates for the career offender enhancement.  On March 19, 2019, this court granted the government's motion to dismiss as to one theory of relief raised in Parker's petition and ordered the parties to provide further briefing on Parker's second theory of relief.  Both parties have since filed supplemental pleadings.  For the following reasons, the court dismisses Parker's petition without prejudice to his refiling in the proper jurisdiction.

**BACKGROUND**

In 2004, Parker pleaded guilty in the District Court for the Southern District of Florida to one count of conspiracy to import five or more kilograms of cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963. United States v. Parker, No. 1:03-cr-20859-PCH-3 (S.D. Fla.) (ECF nos. 49, 55). The Presentence Investigation Report ("PSR") recommended that he be sentenced as a "career offender" under the Guidelines based on three prior felony drug convictions in Connecticut occurring in 1993, 1996, and 2003. See doc. no. 13-4 at 18-22 (PSR); U.S.S.G. § 4B1.1(b) (career offender enhancement).

Parker objected to this enhancement, arguing that the 2003 conviction should not be considered because it was on appeal and that the 1996 conviction did not qualify as a "controlled substance offense" under the Guidelines because it involved simple possession. See Parker v. United States, 1:05-cv-20844-PCH (S.D. Fla.) (ECF no. 9 at 49); see also U.S.S.G. § 4B1.2(b) (defining "controlled substance offense"). The sentencing court disagreed, found that the state convictions qualified as career offender predicates, and applied the enhancement. Parker v. United States, 1:05-cv-20844-PCH (S.D. Fla.) (ECF no. 9 at 49). It sentenced Parker to 262 months of imprisonment and five years of supervised release. Parker did not directly appeal his conviction or sentence, which became final before the Supreme

Court made the Guidelines advisory in United States v. Booker, 543 U.S. 220 (2005).

Parker subsequently filed two motions for relief under 28 U.S.C § 2255 in the Southern District of Florida, one in 2005 and one in 2013. See Parker v. United States, 1:05-cv-20844-PCH (S.D. Fla.); Parker v. United States, 1:13-cv-23635-PCH (S.D. Fla.). Neither motion was successful.

Parker filed the instant petition under 28 U.S.C. § 2241 in 2017. He argues that none of his prior state convictions qualify as career offender predicates. He contends that his 2003 conviction should not have been considered a predicate offense because it was pending on appeal in state court at the time of his federal sentencing ("Claim 1"). Parker also argues that his 1993 and 1996 convictions do not qualify as predicate offenses, relying on Mathis v. United States, 136 S. Ct. 2243 (2016) ("Claim 2"). He requests that his sentence be vacated and he be resentenced without the career offender enhancement.

In 2018, the government moved to dismiss the petition. While that motion was pending, Parker notified the court that he had been transferred from Federal Correctional Institution ("FCI") Berlin to FCI Petersburg in Virginia. Doc. no. 10. In March 2019, the court issued an order on the government's motion to dismiss. Doc. no. 11. The court granted the government's motion to dismiss with respect to Claim 1 and denied it without

prejudice as to Claim 2.  Id. at 15.  The court ordered the parties to provide supplemental briefing regarding Claim 2 and appointed counsel to represent Parker.[1]  Both parties then filed supplemental pleadings.

**DISCUSSION**

The government argues that the court must dismiss Parker's petition without prejudice because the court lacks jurisdiction to issue the relief Parker has requested.  There are two jurisdictional limitations on a district court's authority to grant writs of habeas corpus: the "immediate-custodian rule" and the "territorial-jurisdiction rule."  Gonzalez v. Grondolsky, 152 F. Supp. 3d 39, 45 (D. Mass. 2016); see also Rumsfeld v. Padilla, 542 U.S. 426, 445-46 (2004).  Both rules emanate from statutory language.

The immediate-custodian rule provides that the proper respondent in a habeas challenge to physical confinement is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Padilla, 542 U.S. at 435.  This rule derives from the text of 28 U.S.C. § 2242, which provides that the proper respondent is "the

---

[1] The court subsequently granted Parker's request to appear pro se with the assistance of appointed counsel as standby counsel only.

person who has custody over" the petitioner. 28 U.S.C. § 2242; see also Gonzalez, 152 F. Supp. 3d at 43. This principle is echoed in 28 U.S.C. § 2243. It states that the court should direct a writ to "the person having custody of the person detained." 28 U.S.C. § 2243.

Identifying the proper respondent—the immediate custodian—is crucial because "the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Gonzalez, 152 F. Supp. 3d at 43 (internal quotation marks and brackets omitted). The First Circuit has said that it is "settled beyond cavil that when a prisoner petitions for a writ of habeas corpus under 28 U.S.C. § 2241, he must name as the respondent the superintendent of the facility in which he is being held." Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000). This is so because that person "has day-to-day control over the petitioner and is able to produce [him] before the habeas court." Id.

Under the territorial-jurisdiction rule,[2] the court issuing the writ must "have jurisdiction over the custodian." Padilla, 542 U.S. at 442 (internal quotation marks omitted); see also

---

[2] This rule is also referred to as the "district of confinement rule." See Padilla, 542 U.S. at 446-47; see id. at 444 ("[T]he district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent. . . . By definition, the immediate custodian and the prisoner reside in the same district.").

5

Vasquez, 233 F.3d at 690 (observing that court issuing the writ "must have personal jurisdiction over the person who holds the petitioner in custody"). This rule originates from 28 U.S.C. § 2241's language limiting district courts to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has explained that Congress added this limiting language to the habeas statute in 1867 to avoid "the inconvenient and potentially embarrassing possibility" that judges anywhere could issue writs on behalf of petitioners "distantly removed" from their courts. Padilla, 542 U.S. at 442 (internal quotation marks omitted); see also id. at 445 (explaining that prior decisions did not authorize district courts to "employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction"). This rule also serves the important purpose of preventing habeas petitioners from forum shopping. Id. at 447.

In short, in order for a district court to have the power to issue a writ of habeas corpus, the petitioner must have named as the respondent the person who has immediate physical custody of the petitioner and the court must have jurisdiction over that custodian. See Padilla, 542 U.S. at 446-47. It is important to note that "jurisdiction" as used in 28 U.S.C. § 2241 does not connote subject matter jurisdiction. See id. at 434 n.7. Rather, the immediate-custodian and territorial-jurisdiction

6

rules have been likened to rules of personal jurisdiction and venue.  Id. at 452 (Kennedy, J., concurring); see also Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004) (comparing immediate-custodian rule to personal jurisdiction and territorial-jurisdiction rule to venue); Vasquez, 233 F.3d at 690 (observing that court must have personal jurisdiction over custodian to issue writ).  For that reason, a respondent can waive objections based on non-compliance with these rules.  See Padilla, 542 U.S. at 452 (Kennedy, J., concurring); Moore, 368 F.3d at 759.

Ordinarily, a petitioner can satisfy the immediate-custodian and territorial-jurisdiction rules by naming his warden as the respondent and filing his petition in the district of his confinement.  See Padilla, 542 U.S. at 447.  But what happens when, as here, a petitioner properly files his habeas petition in the district of confinement against his immediate custodian and is subsequently transferred outside the court's territorial jurisdiction?  The Supreme Court has recognized a limited exception to the jurisdictional rules under these circumstances.  See Ex parte Mitsuye Endo, 323 U.S. 283, 305-06 (1944).  But that exception only applies when there is a respondent within the court's jurisdiction who has legal authority to effectuate the prisoner's release.  See id. at 306.

Endo involved a habeas petition filed by a Japanese-American citizen detained by the War Relocation Authority during

7

World War II.  See id. at 284-85.  In that case, the petitioner filed her petition in California while detained there.  Id. at 285.  She was then moved to a detention center in Utah.  Id.  The Supreme Court held that the district court in California retained jurisdiction to grant the writ of habeas corpus on remand because someone with authority over the petitioner's detention (the assistant director of the War Relocation Authority) was located within the California district court's territorial jurisdiction.  Id. at 304-05.  The Supreme Court has subsequently explained Endo's narrow holding as follows:

> Endo stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.

Padilla, 542 U.S. at 441 (emphasis added).  Put in terms of the jurisdictional rules discussed above, Endo relaxes the immediate-custodian rule when the petitioner has been transferred after properly filing a petition: the court may still issue the writ even though the petitioner's immediate custodian is outside of its jurisdiction so long as a custodian with power to release the petitioner is within the district court's territorial jurisdiction.

Turning to the facts before this court, the court appears to lack jurisdiction to grant Parker's requested relief.  At the

8

time Parker filed his petition, he complied with the immediate-custodian and territorial-jurisdiction rules: he was incarcerated at FCI Berlin, and he correctly named FCI Berlin's warden as the respondent when he filed his petition in this court.  But circumstances have since changed.  Parker is now incarcerated in FCI Petersburg.  His immediate custodian is therefore the warden of that facility, who is not named as a respondent in this action.  Further, the warden of FCI Petersburg is not located within the territorial jurisdiction of this court.  And the limited exception laid out in Endo provides Parker no relief because there is no indication in the record that a person with the authority to effectuate his release remains within this court's territorial jurisdiction.  Cf. Endo, 323 U.S. at 305-06.  Under these circumstances, this court lacks the power to grant petitioner the relief he seeks.

Every other district court in this circuit that has confronted these circumstances—transfer of a petitioner to a facility outside of the court's territorial jurisdiction during the pendency of habeas proceedings—has determined that it lacked jurisdiction to decide the merits of the petition. Gonzalez, 152 F. Supp. 3d at 44; Mendez v. Martin, C.A. No. 15-408ML, 2016 WL 2849598, at *4 (D.R.I. Apr. 19, 2016), report and recommendation adopted, No. CV 15-408 ML, 2016 WL 2732182 (D.R.I. May 10, 2016); Aitcheson v. Holder, No. 15-11123-NMG,

2015 WL 10434871, at *2 (D. Mass. Dec. 31, 2015). District courts in this circuit that have confronted the same issue in the context of habeas petitioners held in immigration detention have reached the same result. Tham v. Adducci, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (finding that court lacked jurisdiction over alien's habeas petition after petitioner was transferred to facility in different state); Johnson v. Immigration and Customs Enforcement, 960 F. Supp. 2d 347, 349-50 (D.P.R. 2013)(same); Rumierz v. I.N.S., No. C.A. 00-359 ML, 2000 WL 1920003, at *3 (D.R.I. Dec. 27, 2000) (same), report and recommendation adopted, No. 00-cv-00359-ML (D.R.I Feb. 5, 2001). The court finds these decisions persuasive and well-reasoned. See also Copley v. Keohane, 150 F.3d 827, 829-30 (8th Cir. 1998) (concluding appeal was moot when habeas petitioner had been transferred after filing petition and was no longer in the custody of anyone over whom the court had jurisdiction).[3]

---

[3] The court acknowledges that some other jurisdictions apply a different rule: that, if the petitioner properly files a petition in the district of confinement, petitioner's subsequent transfer does not divest the court of jurisdiction. See, e.g., White v. Lamanna, 42 Fed. App'x 670, 671 (6th Cir. 2002); Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990); Santillanes v. U.S. Parole Com'n, 754 F.2d 887, 888 (10th Cir. 1985); Wheeler v. Rivera, 2:14CV00064 KGB/JTR, 2015 WL 7731473, at *2 n.2 (E.D. Ark. Apr. 23, 2015). These decisions, however, do not address the constraints of the immediate-custodian and territorial-jurisdiction rules. They are not only non-binding on this court but are also unpersuasive. See Gonzalez, 152 F. Supp. 3d at 46-47 (recognizing this contrary authority but noting that neither the First Circuit nor any other district court in this circuit

Parker argues that, if the court finds that his petition must be dismissed for lack of jurisdiction, the court should find that this case involves extraordinary circumstances and allow Parker to substitute the Attorney General in as the respondent. He contends that the extraordinary circumstance of prejudicial delay exists here because his petition was pending in this court for approximately 16 months before he was transferred and the court ruled on the government's motion to dismiss.

Parker makes a good point. However, as explained above, the Attorney General is typically not the proper respondent in a habeas petition because he does not have immediate, day-to-day control of the prisoner. See Padilla, 542 U.S. at 435 ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). However, the First Circuit has recognized that "there may be extraordinary circumstances in which the Attorney General appropriately might be named as a respondent." Vasquez, 233

---

has adopted that approach); Mendez, 2016 WL 2849598, at *5 (same).

F.3d at 696.[4]  Such extraordinary circumstances may include when a petitioner is being detained at an unknown location or when the government has repeatedly moved the petitioner with an intent to manipulate jurisdiction.  Id.

It is regrettable that Parker's petition was pending for such an extended time before this court.  But Parker has not identified, and this court has not found, any authority demonstrating that delay in a ruling on a habeas petition is an extraordinary circumstance warranting exception to the applicable jurisdictional rules.  Cf. Padilla, 542 U.S. at 454 (Kennedy, J., concurring) (discussing recognized and potential exceptions to jurisdictional rules governing habeas petitions).  Nor has Parker identified facts fitting this case into any of the recognized extraordinary circumstances warranting exception to the jurisdictional rules.  Accordingly, the court does not find this case to present extraordinary facts justifying the substitution of the Attorney General as the proper respondent.[5]

---

[4] The court acknowledges that the First Circuit stated this rule in the context of an alien habeas petition.  See Vasquez, 233 F.3d at 696.  The court assumes for the sake of argument that the same holds true in the prisoner context.

[5] Although not raised by Parker, the court notes that the government has not waived its jurisdictional arguments.  Parker was not transferred until after the government filed its motion to dismiss.  See Gonzalez, 152 F. Supp. 3d at 46 n.5 (finding no waiver when petitioner was transferred after respondent filed motion to dismiss); cf. Gooden v. Gonzales, 162 Fed App'x 28, 29-30 (2d Cir. 2005) (addressing merits of habeas petition when

12

Given the above, this court lacks jurisdiction to provide Parker the relief he requests. Any writ issued by this court would be ineffectual because Parker's immediate custodian is outside the reach of this court's territorial jurisdiction. The question remains how this court should dispose of this action.

The court is not inclined to dismiss Parker's petition with prejudice. This is not a case where a "peek" at the merits reveals that the petition is so meritless that, even though the court lacks jurisdiction, dismissing the petition with prejudice is the most efficient resolution of the case. See Mendez, 2016 WL 2849598, at *7 (citing Phillips v. Seiter, 173 F.3d 609, 610-11 (7th Cir. 1999), which held that court considering whether to transfer action may take a "peek" at the merits to determine whether case is a "sure loser" in transferee jurisdiction).

As this court explained in its prior order on the motion to dismiss, the threshold issue presented by Parker's petition is whether the court has savings clause jurisdiction under 28 U.S.C. § 2255(e) to consider his 28 U.S.C. § 2241 petition. See

---

government did not challenge appropriateness of respondent or venue). Furthermore, although a defendant may waive personal jurisdiction and venue, it is not clear to this court that a now improper respondent (the warden of FCI Berlin) could waive those jurisdictional requirements on behalf of a nonparty proper respondent (the warden of FCI Petersburg). See Gonzalez, 152 F. Supp. 3d at 46 n.5 (expressing skepticism about whether a respondent may waive territorial-jurisdiction limitation for a nonparty).

13

doc. no. 11 at 7-9, 13-14.  Circuits are split regarding whether a district court can exercise savings clause jurisdiction over a petition like Parker's that challenges a career offender sentencing enhancement.  Compare Hill v. Masters, 836 F.3d 591, 599 n.6 & 599-600 (6th Cir. 2016) (recognizing savings clause jurisdiction for prisoners who were sentenced under pre-Booker Guidelines and challenge career offender enhancement and noting circuit split on the issue), with Bradford v. Tamez (In re Bradford), 660 F.3d 226, 230 (5th Cir. 2011) (holding that claim of actual innocence of career offender enhancement is not the type of claim that warrants review under § 2241).  Notably, the Fourth Circuit, in which FCI Petersburg sits, appears to recognize that courts can exercise savings clause jurisdiction over habeas petitions that raise sentencing enhancement errors. See United States v. Wheeler, 886 F.3d 415, 428-29 (4th Cir. 2018) (finding savings clause jurisdiction existed for petitioner's claim that his statutory mandatory minimum sentence was erroneously increased based on prior conviction).  Given the state of the law governing savings clause jurisdiction for the type of claim Parker raises, the court will not dismiss Parker's petition with prejudice.  See Mendez, 2016 WL 2849598, at *7 (taking "peek" at merits and concluding that possible merit of some of petitioner's arguments supported dismissal without prejudice).

In the interests of justice and efficiency, the court would prefer to transfer this action to the Eastern District of Virginia, rather than dismiss it without prejudice. Unfortunately, this court lacks the power to do so under any of the applicable transfer statutes, which all limit transfer to a district where the action could have been brought in the first instance. See 28 U.S.C. §§ 1404(a), 1406(a), 1631; Hoffman v. Blaski, 363 U.S. 335, 342-44 (1960). Because Parker was incarcerated at FCI Berlin at the time he filed this petition, this action could not have originally been brought in Virginia. Parker's petition before this court is now moot and must be dismissed without prejudice to his refiling in the Eastern District of Virginia. See Gonzalez, 152 F. Supp. 3d at 44, 47; see also Jones v. Cunningham, 371 U.S. 236, 241 (1963) (holding petition for habeas relief against prison superintendent moot because superintendent "no longer held petitioner in his custody" as he had been paroled); Copley, 150 F.3d at 829-30 (finding appeal moot when petitioner was no longer in custody of anyone over whom court retained jurisdiction).

Although Parker has already been seeking habeas relief for some time, he will not be unduly prejudiced by the dismissal of his petition without prejudice. There is still time for a court with jurisdiction to reach the merits of Parker's petition before his projected release date in November 2022.

**CONCLUSION**

For the foregoing reasons, the court dismisses Parker's petition for a writ of habeas corpus (doc. no. 1) without prejudice to his refiling against a proper respondent in the United States District Court for the Eastern District of Virginia.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 9, 2019

cc: Counsel of Record